UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD E. HARRIS

VERSUS                                            CIVIL ACTION

STAFF SGT. JAMES JOINER, ET AL          NUMBER 08-614-JVP-SCR

ORDER ON MOTION TO COMPEL SERVICE OF PROCESS

Before the court is the plaintiff's Motion to Compel Service of Process.  Record document number 12.

The United States Marshal was ordered to serve the defendants wherever found.[1]  Defendant Staff Sgt. James Jim Joiner was not initially served.[2]  Defendant Joiner was served later and filed an answer.[3]  Defendant United States Army National Guard was not served.  The return noted, "SI OFFICER WILL NOT ACCEPT PROCESS ON BEHALF OF THE ENTIRE ANGB;[4] FOR SOLDIER HE HAS NO KNOWLEDGE OF."  The court construes this to mean that the officer who the U.S. Marshal attempted to serve would not accept service in the form tendered.  The Three Unknown Baton Rouge Police Officers were not served.  The return noted, "KIM BROOKS DID NOT ACCEPT FOR UNKNOWN

---

[1] Record document number 4.

[2] Record document number 8.

[3] Record document numbers 13 and 15, respectively.  The document attached to docket entry 13 is obviously incorrect.  It is the same as the first return which show that Joiner was not served.

[4] "ANGB" is the Army National Guard Bureau.

USM

CITY OFFICER (BRPD LEGAL ADVISOR).[5]  Brooks did accept service for defendant Baton Rouge City Police Department.[6]  Therefore, the defendants not yet served are United States Army National Guard and the Three Unknown Baton Rouge Police Officers.

The U.S. Marshal was not appointed as the plaintiff's investigator, either for the purpose of identifying defendants or for the purpose of obtaining accurate addresses where the defendants may be served with process.  Unless the plaintiff identifies the Three Unknown Baton Rouge Police Officers, the U.S. Marshal has no further responsibility to serve them with process.

As to service on the United States Army National Guard, Rule 4(i) provides the method of serving an agency of the United States.  Attempting to serve the United States Army National Guard by delivering a copy of the summons and complaint to an officer at the ANGB was not a manner of service authorized under Rule 4(i).

Therefore;

IT IS ORDERED that the U.S. Marshal serve defendant United States Army National Guard as provided by Rule 4(i).

Baton Rouge, Louisiana, January 15, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] Record document number 10.

[6] Record document number 11.