UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD E. HARRIS

VERSUS                                              CIVIL ACTION

STAFF SGT. JAMES JOINER, ET AL          NUMBER 08-614-JVP-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 14, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD E. HARRIS

VERSUS                                           CIVIL ACTION

STAFF SGT. JAMES JOINER, ET AL          NUMBER 08-614-JVP-SCR

MAGISTRATE JUDGE'S REPORT

This case is before the court on the order to the plaintiff to show cause why his claims against several defendants should not be dismissed for failure to serve the defendants pursuant to Rule 4(m), Fed.R.Civ.P., and why the complaint should not be dismissed for failure to prosecute pursuant to Local Rule 41.3M.  Record document number 20.

On November 9, 2009, the plaintiff was ordered to show cause why his claims against Three Unknown Baton Rouge City Police Officers, Baton Rouge City Police Department, and United States Army National Guard should not be dismissed for failure to serve the defendants pursuant to Rule 4(m).  Plaintiff failed to respond to the court's show cause order.

Rule 4(m) provides, in pertinent part, as follows:

If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate time.

Plaintiff bears the burden of showing good cause for failure to effect timely service.[1] Plaintiff has not served these three defendants within the time allowed under Rule 4(m), nor has he demonstrated good cause for failing to do so.

Even without a showing of good cause, the court may exercise its discretion to extend the time for service. However, a review of the record does not support such an extension.

Additionally, the plaintiff was ordered to show cause why the complaint should not be dismissed for failure to prosecute pursuant to Local Rule 41.3M. Plaintiff failed to respond to the show cause order.

This action was filed on October 1, 2008. Defendant James Joiner filed an answer on December 31, 2008, and defendant City of Baton Rouge filed an answer on February 11, 2009. A review of the record showed that the plaintiff has taken no steps to prosecute his claims against these two defendants since he filed the complaint over one year ago.

A district court may dismiss an action for failure to prosecute. Rule 41(b), Fed.R.Civ.P.; *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Local Rule 41.3M(C) provides that a case may be dismissed "[w]here a cause has been pending six

---

[1] To establish good cause, a plaintiff must demonstrate at least as much as would be required to show excusable neglect, and simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. *Lindsey v. United States Railroad Retirement*, 101 F.3d 444, 446 (5th Cir. 1996).

months without proceedings being taken within such period." The scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Dismissal of the plaintiff's complaint would be effectively with prejudice since if it were re-filed it would be subject to Louisiana's one-year statute of limitations. LSA-C.C. art. 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989).

It is clear that the plaintiff has lost interest in prosecuting this action. In addition to taking no action to further prosecute this case, the plaintiff has failed to respond to this court's show cause order.

As a practical matter, the case cannot proceed if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case. Imposition of sanctions short of dismissal would be ineffective in the circumstances of this case.

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims against defendants Three Unknown Baton Rouge City Police Officers, Baton Rouge City Police Department, and United States Army National Guard be dismissed for failure to serve

the defendants pursuant to Rule 4(m).[2]  It is further recommended that the plaintiff's claims against defendants James Joiner and the City of Baton Rouge  be dismissed for failure to prosecute pursuant to Local Rule 41.3M.

   Baton Rouge, Louisiana, December 14, 2009.

                              _____
                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

---

   [2] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred.  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993);  contra *Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal).